UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT MECEA,<br><br>                              Plaintiff,<br>- against –<br><br>NEWSWEEK DIGITAL LLC<br><br>                              Defendant. | Case No.: 1:23-cv-5734-KPF<br><br>**STIPULATION AND<br>PROTECTIVE ORDER** |

WHEREAS, all parties to this action (collectively, the "Parties" and each individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, and any other persons who sign this Stipulated Protective Order or the Non-Disclosure Agreement attached hereto, or anyone with actual notice of this Order, will adhere to the following:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of informal and/or formal discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise contains sensitive non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3. The person producing Discovery Material may designate as "Attorneys' Eyes Only" any

portion thereof that, the producing party or nonparty believes in good faith, (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or (ii) product plans or development; (b) the disclosure to persons other than those authorized under paragraph 8 below is restricted by law; or (c) was previously produced in a case with an Attorneys' Eyes Only designation. The party or nonparty making the designation of "Attorneys' Eyes Only" bears the burden of showing that the material so designated could not be reasonably protected through the "Confidential" designation. Any party who requests a designation of "Attorneys' Eyes Only" for a reason other than those set forth above may at any time before the trial of this action serve upon counsel for the recipient party a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to the Court in accordance with Judge Failla's Individual Practices in Civil Cases.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all Parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order. In addition, the producing person shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

6. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

7. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to

object to the use or admissibility of the Confidential Information.

8. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    a. the Parties;
    b. b) the employees and agents of the parties to the action, provided that such disclosure is needed to assist in the prosecution, defense or settlement of this action;
    c. c) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;
    d. d) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;
    e. e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person is advised of the existence of this Stipulated Protective Order and that Confidential Discovery Material is subject to the terms of the Order;
    f. f) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;
    g. g) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;
    h. h) independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system
    i. i) the Court and its staff; and
    j. j) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.
    k.

9. Prior to disclosing or displaying the Confidential Information to any person, counsel must:
    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

    and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

10. No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs 6(c), 6 (d), 6(f), 6(g), and 6(i), and the Parties' respective in-house counsel, unless the Parties agree in advance to such disclosure.

11. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

12. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

13. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. Should any party inadvertently produce documents subject to attorney-client privilege, work product protection, and/or any other applicable privilege or protection, the producing party may recall such documents by notifying the receiving party in writing of the inadvertent production and the basis for the claim of attorney-client privilege and/or work product protection.  Within five (5) business days from receiving notice

from the producing party, the receiving party shall either (1) return the originals and all copies made by the receiving party of the documents identified in the notice; or (2) destroy the originals and all copies made by the receiving party, as specified by the producing party, and confirm the same in writing.  The receiving party shall not use or disclose the information subject to the claim of attorney-client privilege and/or work production protection and shall take reasonable steps to retrieve such information if the receiving party disclosed that information before receiving notification from the producing party.  The receiving party's obligation to return the inadvertently produced documents is without prejudice to the receiving party's right, within the five (5) business day period, to present the information subject to the claim of attorney-client privilege and/or work-product protection to the Court under seal for the purpose of challenging the producing party's claim.  The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or work-product protection have been waived in connection with any such challenge to the producing party's claim.

15. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| /s/ *James H. Freeman* / | /s/ *CeCe Cole* / |
| James Freeman | Nancy E. Wolff |
| SANDERS LAW GROUP | CeCe M. Cole |
| 333 Earle Ovington Blvd., Ste. 402 | Cowan DeBaets Abrahams & Sheppard LLP |
| Uniondale, New York 11553 | 41 Madison Avenue, 38th Floor |
| Telephone: (516) 203-7600 | New York, New York 10010 |
| | Telephone: 212-974-7474 |

jfreeman@sanderslaw.group

Dated: October 26, 2023

*Attorneys for Plaintiff Robert Mecea*

nwolf@cdas.com
ccole@cdas.com

Dated: October 26, 2023

*Attorneys for Defendant Newsweek Digital, LLC*

```
This protective order does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions
of this agreement only for the pendency of this litigation.  Any
party wishing to make redacted or sealed submissions shall comply
with Rule 9 of this Court's Individual Rules of Civil Procedure.



Dated:    October 27, 2023          SO ORDERED.
          New York, New York


                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```